JAMES A. KUHL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kuhl v. Commissioner
Docket Nos. 14202-91, 30602-91
United States Tax Court
T.C. Memo 1993-338; 1993 Tax Ct. Memo LEXIS 342; 66 T.C.M. (CCH) 278; August 2, 1993, Filed *342 Decisions will be entered for respondent. This case pertains to the qualification and substantiation of costs of goods sold and certain deductions claimed on P's 1985, 1987, 1988, and 1989 Federal income tax returns. Respondent also increased P's taxable income for unreported interest and dividend income for the 1988 taxable year, and unreported dividend income for the 1989 taxable year, and determined additions to tax for: (1) Untimely filed tax returns for all the years in issue, and (2) substantial understatements of income tax for the 1985, 1987, and 1988 taxable years. Held: P failed to substantiate his claimed deductions and costs of goods sold for all the taxable years in issue. Held, further: P's gross income is increased for unreported interest and/or dividend income for the 1988 and 1989 taxable years. Held, further: P is liable for an addition to tax due to untimely filed tax returns for each year in issue. Held, further: P is liable for an addition to tax for a substantial understatement of income tax for each of the 1985, 1987, and 1988 taxable years. James A. Kuhl, pro se. [1]
*343 For respondent: James F. Mauro. LARO
LARO
MEMORANDUM FINDINGS OF FACT AND OPINION LARO, Judge: The case is before the Court pursuant to the filing of two petitions by James A. Kuhl (petitioner) for a redetermination of respondent's determinations set forth in her separate notices of deficiency issued to petitioner on April 5, 1991, and September 30, 1991. On May 3, 1993, we granted respondent's motion to consolidate petitioner's cases for trial, briefing, and opinion. Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6661
1985
$ 11,475.15
$ 2,737.44
$ 2,144.50
1987
8,928.90
1,784.85
2,232.22
1988
5,144.60
1,274.71
1,286.15
1989
7,949.00
2,027.97
- 0 - Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are: (1) Whether certain charitable contributions claimed on petitioner's 1985 Federal income tax return are allowable under section 170. We hold they are not. (2) Whether *344 petitioner is entitled to deduct certain expenses claimed on Schedule C of his 1985, 1987, and 1988 Federal income tax returns. We hold he is not. (3) Whether petitioner is entitled to deduct expenses claimed on Schedule C of his 1989 Federal income tax return for: (i) Legal and professional fees, (ii) utilities, (iii) rent, (iv) travel and transportation, (v) interest, and (vi) "other". We hold petitioner is not entitled to any of these deductions. (4) Whether petitioner is entitled to the costs of goods sold claimed on Schedule C -- Profit and Loss from Business -- of his 1987 and 1988 Federal income tax returns. We hold he is not. (5) Whether petitioner's gross income should be increased for: (i) Unreported interest and dividend income for the 1988 taxable year and (ii) unreported dividend income for the 1989 taxable year. We hold that it should. (6) Whether petitioner is liable for additional self-employment taxes due to a change in self-employment income resulting from respondent's adjustments in the 1985, 1987, and 1988 taxable years. We hold he is. (7) Whether petitioner is liable for additions to tax under section 6651(a)(1) for the 1985, 1987, 1988, and 1989 taxable *345 years due to untimely filed tax returns. We hold he is. (8) Whether petitioner is liable for additions to tax under section 6661 for the 1985, 1987, and 1988 taxable years due to a substantial understatement of income tax. We hold he is. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulations and attached exhibits are incorporated herein by this reference. Petitioner resided in Detroit, Michigan, at the time he filed the petitions. During the years at issue, petitioner's business involved engineering, marketing, and inventing. Petitioner claimed deductions on his 1985 Federal income tax return for: (1) A cash charitable contribution of $ 1,523 and (2) Schedule C expenses of $ 27,877.99. Respondent subsequently disallowed these deductions for lack of substantiation. On his 1987 Federal income tax return, petitioner claimed on Schedule C: (1) Business expenses of $ 27,905.77 and (2) cost of goods sold of $ 4,795.72. Respondent subsequently disallowed all business expenses and $ 3,568.27 of the cost of goods sold because of lack of substantiation. On his 1988 Federal income tax return, petitioner claimed on Schedule C: (1) Deductions in *346 the amount of $ 11,881 and (2) cost of goods sold of $ 7,304.42. Respondent subsequently disallowed all Schedule C deductions and costs of goods sold because of lack of substantiation. Respondent also determined that petitioner had not reported on his 1988 return income of $ 161 from stocks and bonds, and $ 13 from dividends. On his 1989 Federal income tax return, petitioner claimed deductions on Schedule C in the total amount of $ 39,393.04. With respect to these deductions, respondent subsequently disallowed all expenses for: (1) Legal and professional fees in the amount of $ 1,900, (2) travel, meals, and entertainment in the amount of $ 2,050.27, (3) interest in the amount of $ 1,750.36, (4) utilities in the amount of $ 2,221.42, (5) rent in the amount $ 1,260, and (6) "other" in the amount of $ 22,869.06, which included expenses for recruiting, interviewing, product evaluation, product development, and product research. Respondent also determined that petitioner is liable for delinquency penalties under section 6651(a)(1) for all taxable years in issue, and for penalties for substantial understatement of income tax under section 6661 for the 1985, 1987, and 1988 taxable years. *347 With the exception of the 1985 taxable year, petitioner did not request an extension of time in which to file a Federal income tax return for the years at issue. [2] Petitioner received an extension of time in which to file his 1985 return; however, the 1985 return was filed untimely on May 20, 1988. At trial, petitioner did not offer any records or other physical evidence to substantiate the 1985 charitable contributions, the cost of goods sold, or the deductions discussed above. [3] Petitioner testified that the deductions were reasonable and necessary in the performance of his business. *348 OPINION Deductions are strictly a matter of legislative grace; petitioner has the burden of proving his entitlement to all deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933); see also Downey v. Commissioner, 100 T.C.    ,     (1993) (Laro, J., concurring in part and dissenting in part). Petitioner must also keep sufficient records to substantiate his claimed expenses and deductions. Sec. 6001. Charitable contributions are deductible under section 170 only if verified under regulations prescribed by the Secretary. Sec. 170(a)(1). Under the applicable regulations, contributions of money made in taxable years beginning after December 31, 1982, are required to be substantiated by one of the following: (1) A cancelled check, (2) a receipt from the donee charitable organization showing the name of the donee, the date, and amount of the contribution, or (3) in the absence of a cancelled check or receipt, other reliable written records showing the name of the donee, the date, and amount of the contribution. Sec. 1.170A-13(a)(1), *349 Income Tax Regs. Petitioner has offered no written or other persuasive evidence to support the $ 1,523 charitable contribution claimed on his 1985 tax return. As petitioner has not sustained his burden of proof with respect to the claimed charitable contribution, we hold for respondent on this issue. Amounts paid for legal services are among the expenses that a taxpayer may deduct as ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Sec. 162(a); sec. 1.162-1(a), Income Tax Regs; Nicholson v. Commissioner, T.C. Memo. 1993-183. However, legal expenses that have a personal origin are not deductible. United States v. Gilmore, 372 U.S. 39 (1963) (whether a legal expense is a "business" expense depends on whether the claim arose in connection with taxpayer's profit-seeking activities). The origin and purpose of the legal expenditures deducted on petitioner's Federal income tax returns are unclear. Petitioner has not offered sufficient evidence establishing the business nexus of the legal expenses claimed. Therefore, we uphold respondent's disallowance of all *350 legal expenses claimed by petitioner. Although taxpayers are required to maintain sufficient records to substantiate claimed deductions and expenses, sec. 6001, we may estimate the amount of expenses under certain circumstances where a taxpayer's records are inadequate. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731 (1985). Under the so-called Cohan rule, this Court makes an approximation of expenses where the evidence indicates that a taxpayer incurred deductible expenses, the exact amounts of which are indeterminable. Vanicek v. Commissioner, supra at 742-743. To make an estimation, there must be sufficient evidence that the amount was spent or incurred for the stated purpose. Manning v. Commissioner, T.C. Memo. 1993-127; Francis v. Commissioner, T.C. Memo. 1988-226 (quoting Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1987) ("Until the trier has that assurance from the record, relief to the taxpayer would be unguided largesse")). In *351 addition, application of the Cohan rule may be inappropriate where petitioner has ready access to material evidence to support a deduction, but fails to produce such evidence. Durkin v. Commissioner, 87 T.C. 1329 (1986), affd. 872 F.2d 1271 (7th Cir. 1989). Petitioner has failed to make a sufficient showing in this respect, and we therefore decline to utilize the Cohan rule in this case. Furthermore, with respect to petitioner's travel and entertainment expenses, we cannot approximate under Cohan because it was superseded by section 274(d) with regard to such expenses. [4]Section 274(d) provides that no deduction or credit will be allowed for any travel expenses unless the taxpayer substantiates by adequate records, or by sufficient evidence corroborating his own statement, the: (1) Amount of the expense, (2) time and place of the travel and/or entertainment, (3) business purpose of the expense, and (4) business relationship to the taxpayer of the persons entertained. Sec. 274(d). *352 With respect to the travel and entertainment expenses, petitioner did not offer any evidence to corroborate his own testimony, which was vague. Petitioner also failed to adduce evidence with respect to the remaining Schedule C deductions. Accordingly, we must hold for respondent with respect to all such deductions in issue. Cost of goods sold is not a deduction, but rather an offset to gross receipts in determining business income. Sec. 1.61-3(a), Income Tax Regs. Although not subject to the limitations on deductions under section 162, cost of goods sold must nevertheless be substantiated. Wright v. Commissioner, T.C. Memo. 1993-27. Petitioner failed to adduce any evidence with respect to the cost of goods sold claimed on his 1987 and 1988 Federal income tax returns; we therefore hold for respondent on this issue. We also sustain respondent's determination with respect to the increases in petitioner's gross income: (1) For the 1988 taxable year based upon unreported interest and dividend income and (2) for the 1989 taxable year based upon unreported dividend income. Petitioner has not offered any evidence with respect to this issue and, accordingly, *353 we hold for respondent. See Rule 142(a). Finally, the change in self-employment income resulting from our decisions on the foregoing issues renders petitioner liable for additional self-employment taxes. The failure to file a timely return, without reasonable cause, will subject petitioner to an addition to tax. Sec. 6651. Petitioner has not set forth any justification for the delinquency of his returns, nor carried his burden of proof as to their timeliness. We therefore sustain respondent's determination that petitioner is liable for additions to tax under section 6651. Respondent's determination that petitioner is liable for additions to tax under section 6661 for the 1985, 1987, and 1988 taxable years must likewise be upheld because petitioner offered no evidence with respect to these additions. To reflect the foregoing, Decisions will be entered for respondent. Footnotes
1. In both docket Nos. 14202-91 and 30602-91, petitioner originally was represented by Anthony S. Hart III. Before trial, this Court allowed Mr. Hart to withdraw as counsel.↩
2. Petitioner claims he filed extensions for all the years in issue and that his returns were timely. However, he concedes that he did not attach a copy of the extensions to the returns he filed in each of the years at issue. Respondent's files do not reflect extensions for the 1987, 1988, and 1989 taxable years.↩
3. Petitioner claims that he substantiated the deductions on a number of previous occasions. However, a trial before the Tax Court is a proceeding de novo. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 328 (1974). Accordingly, we must determine petitioner's tax liability upon the merits of the case and "not any previous record developed at the administrative level." Id.↩ at 328.
4. Prior to the enactment of sec. 274(d), travel expenses could be approximated under the rule of Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. 412 F.2d 201 (2d Cir. 1969). Sec. 274(d) was "intended to overrule, with respect to * * * [travel and entertainment expenses], the so-called Cohan rule". H. Rept. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 405, 427; S. Rept. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 741. In addition, the applicable regulations expressly supplant the Cohan rule with respect to this issue. Sec. 1.274-5(a), Income Tax Regs.↩